IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI-DADE DIVISION

IN RE:

SIXTY SIXTY CONDOMINIUM ASSOCIATION, INC.,   Case No. 16-26187-RAM

Chapter 11

    Debtor.

_____/

RUBEN LAMOTHE, MIGUEL & ZULEMA FAVA, LOREMAR CORP.,

DAVID GEORG, IMPORTADORA INTERWHEELS SA,

JEAN FRANOIS FILION, RICHARD AND ALISA MONSEES, IVAN

MAHANA, ELSSITTA LLC, GERARD AND LAURA MAFALE,

NUMERO 991, LLC, RODRIGO & MARIA VELEZ FAMILY

TRUST, ANA NORDESTE BRAATHEN, CECILIA ZSILAVI AND

PABLO CARLOS MAYAUD-MAISONNEUVE, RALF BAUCHROWITZ

AND FRANK JORDON, MARIA T. VELEZ, PECCHO LLC,

INTERNATIONAL CONSULTING CORP. FLAVIA AND FRANKLIN CAMPERO,

ROMAN LUIS MALAGON, LYDIA APODACA, MARIA N. SCHOENTAG,

MIALIO LLC, VILLITA LLC, BOLCAR INTERNATIONAL, INC., BAMBAMIAMI INC., JOSE VALERA

AND ELYAM MUNOZ, PARIANO LLC, ELSA DEPABLOS BERMUDEZ,

DOMINIQUE SAUVETRE, VINTAGE CLASSICS LLC, VALENTIN INVESTMENT

LLC, HUGO PEDRIEL AND CAROLINE HOGNER,

NIKLAS ALBINSSON-COLLANDER, HENRY KWIATKOWSKI, LC GERACI LLC,

ALFER INVESTMENT CORP., ASPIRE HIGHER INC., BOSTON RV CORP.,

DAGRAJU LLC, ALEXANDRE LOMBARDO, LUIS ARMANDO LANCHEROS AND ROSELIA DE LAS M. VELASQUEZ.

    Plaintiffs,

v.                                                                                                          Case No. 17-

THE SCHECHER GROUP, INC., D/B/A S.G. SHARED COMPONENTS;

CONDOMINIUM HOTEL MANAGEMENT CORPORATION, INC..

RICHARD SCHECHER,

6060-OWNERS GROUP LLC

6060 CONDOMINIUM ASSOCIATION, INC,

MIRKO MORALES

CASA BLANCA RENTAL SERVICES, INC.

FLORIDA BUILDING SUPPLY, INC.

A-1 FIRE & SECURITY, LLC A/K/A MIRCOM ENGINEER SYSTEMS

_____/

      COME NOW the above-referenced Plaintiffs [hereinafter collectively referred to as "Collective Unit Owners"] and sue The Schecher Group, Inc., D/B/A S.G. Shared Components; Condominium Hotel Management Corporation, Inc.. Richard Schecher, 6060-Owners Group LLC, 6060 Condominium Association, Inc, Mirko Morales, Casa Blanca Rental Services, Inc.,Florida Building Supply, Inc., A-1 Fire & Security, Llc A/K/A Mircom Engineer Systems hereinafter collectively referred to as the "Schecher Entities"], and state:

    1.    This is an action for Declaratory and Injunctive Relief brought pursuant to 11 U.S.C. §105, and F.R.B.P. 7065, which incorporates Fed. R. Civ. P. 65 into Adversary Proceedings, and is directed against the Schecher Entities seeking declaratory relief to temporarily to extend the automatic stay protections of 11 U.S.C. §362(a) to the Schecher Entities and to temporarily enjoin any further State Court

foreclosure actions pending or to be brought in the Miami-Dade Circuit Court against the property located at 6060 Indian Creek Drive of the Collective Unit Owners for a period of six (6) months or until such time as a sale of the Connective Unit Owners respective Units located at 6060 Indian Creek Drive, Miami Beach, Florida occurs or a Plan of Reorganization in the pending Chapter 11 Bankruptcy Case of Sixty Sixty Condominium Association, Inc. is confirmed, or a dismissal or conversion of said bankruptcy case occurs, whichever event occurs first;

2. While no direct ownership interest of the Debtor exists in the Units owned by the Collective Unit Owners, the Debtor has a pecuniary interest in the continued ownership of the aforesaid Condominium Units owned by the Collective Unit Owners, as funds arising from the rental thereof and assessments thereon are necessary to effectuate a Chapter 11 Reorganization and therefore jurisdiction lies with this Court;

3. Moreover, venue is proper herein pursuant to 28 U.S.C. 1408, as this Court is presiding over the aforesaid Chapter 11 Reorganization;

## BACKGROUND FACTS

4. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on December 5, 2016;

5. At or since that time, foreclosure cases against the property of the Collective Unit Owners have been filed by the Schecher Entities in the Miami-Dade Circuit Court and are in various stages of litigation. To further complicate matters, the aforesaid cases have been randomly assigned to various Judges, with the result that there are

inconsistent rulings, leading to confusion regarding their status vis a vis the effects of the automatic stay among other bankruptcy-related matters;

6. Of the aforementioned foreclosure cases, some are now stayed pending determination of the outcome of this Reorganization of the Debtor, and the finality of claims in this Court;

7. Indeed at one point, Miami-Dade Circuit Court Administrative Judge Jennifer D. Bailey, faced with the above-referenced issues, transfer issues, and apparently concerned with the possibility of stay violations and inconsistent rulings thereon in cases with similar facts and circumstances, has specifically requested that your undersigned request this Court provide guidance as to how to uniformly administer the aforementioned cases so as to ensure consistency of rulings thereon and to be notified when all cases are stayed

8. As such, a Motion for the Entry of an Order Providing Direction to the Dade County Circuit Court Regarding Pending Related Circuit Court Foreclosure Actions was caused to be filed and is presently set for hearing on May 2, 2017;

9. However, the Court's commentary at a hearing conducted on April 13, 2017, indicated that an Adversary Proceeding is a more appropriate forum in which to address any issues relating to extension of the automatic stay and hence this Complaint is filed;

## COUNT I: DECLARATORY RELIEF

10. Plaintiffs incorporate paragraphs 1 through 9 as though fully set forth herein;

11. This is an action for Declaratory Relief, brought pursuant to 11 U.S.C. §105, seeking extension, through this Court's equitable powers to extend the automatic stay

provisions of 11 U.S.C. §362(a) to the Collective Unit Owners on a temporary basis, as their interests are inextricably intertwined with those of the Debtor and the income to be derived from the rental of the Condominium Units being foreclosed upon may well be the sole source of funding of this Reorganization in the event a bulk sale of the Units is not effectuated;

12. Although the automatic stay generally applies only to actions against the Debtor, Bankruptcy Code § 105(a) confers broad equitable powers on Bankruptcy Courts to achieve the protections and promote the purposes of the Bankruptcy Code. Specifically, Bankruptcy Code § 105(a) provides Bankruptcy Courts with broad authority to enjoin or stay actions that are subject to the automatic stay, as well as actions that may not directly be subject to the automatic stay. S. Rep. No. 95-989, at 51 (1978); H. Rep. No. 95-595, at 341-42 (1977) ("The court has ample . . . powers to stay actions not covered by the automatic stay. Section 105 . . . grants power to issue orders necessary or appropriate to carry out the provisions of title 11.");

13. Courts may extend the automatic stay to non-debtor third parties, when there are "unusual circumstances." *A.H Robins Co., Inc. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). To demonstrate that "unusual circumstances" exist, a nondebtor seeking to obtain stay protection must establish that: (1) there is such an identity between the debtor and the nondebtor that the debtor could be said to be the true defendant, and a judgment against the nondebtor would, in effect, be a judgment or finding against the debtor; ***or (2) extending the stay for the benefit of the nondebtor would contribute to the debtor's rehabilitation efforts. Marroquin v. D & N Funding, Inc., 943 S.W.2d 112, 115 (Tex. App.—Corpus Christi 1997, no writ)*** (extending a stay to a husband);

*Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 547 (Tex. App.—Dallas 2009, no pet.)

14. In a seminal case on this issue, the Second Circuit Court of Appeals determined that the touchstone of a Bankruptcy Code § 105 inquiry is whether an action sought to be enjoined "will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v. Nygard Int'l*, 321 F. 3d 282, 287 (2d Cir. 2003);

15. Such is the case where, as here, a determination has yet to be made as to the outcome of the pending proposed Plan of Reorganization or whether an alternative Plan will have to be crafted utilizing the income from the Units of the Collective Unit Owners as its funding source;

WHEREFORE, the Collective Unit Owners pray this Honorable Court enter Declaratory Relief extending the automatic stay protection of 11 U.S.C. §362(a) to the Collective Unit Owners with relation to the pending foreclosure cases or any yet to be pending against the Units owned by same in the Miami-Dade Circuit Court, and for whatever further relief is deemed just and proper as relating to said Miami-Dade Circuit foreclosure proceedings.

## COUNT II: TEMPORARY INJUNCTIVE RELIEF

16. Plaintiff incorporate paragraphs 1 through 9 and 12 through 15 as though fully set forth herein;

17. This is an action for Injunctive Relief directed at the Schecher Entities seeking to temporarily enjoin the continuation of foreclosure proceedings against the Units of the Collective Unit Owners on a temporary basis, as their interests are inextricably intertwined with those of the Debtor and the income to be derived from the rental of

the Condominium Units being foreclosed upon may well be the sole source of funding of this Reorganization in the event a bulk sale of the Units is not effectuated;

18. Again, the seminal cases on the specific issue of extension of the automatic stay, the basis for the injunctive relief sought herein, originate in the Second Circuit Court of Appeals wherein the Court noted: "The standards set forth by the Second Circuit for the issuance of a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, require that the party requesting preliminary relief demonstrate both irreparable harm and either (1) a likelihood of success going to the merits or (2) a sufficiently serious question regarding the merits to make it a fair ground for litigation, with the balance of hardships tipping decidedly in its favor. *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 972 (2d Cir.1989); *Kaplan v. Bd. of Educ.,* 759 F.2d 256, 259 (2d Cir.1985); *Local 553, Transport Workers v. Eastern Air Lines,* 695 F.2d 668, 675 n. 5 (2d Cir. 1982). Case law in this district has established a limited exception to the irreparable harm requirement for issuance of a preliminary injunction in the bankruptcy context where the action to be enjoined is one that threatens the reorganization process or which would impair the court's jurisdiction with respect to a case before it. *LTV Steel Company, Inc. v. Bd. of Educ. (In re Chateaugay Corp., Reomar, Inc.),* 93 B.R. 26, 29 (S.D.N.Y.1988), citing *In re Neuman,* 71 B.R. 567, 571 (S.D.N.Y.1987); *accord AP Industries, Inc. v. SN Phelps & Co. (In re AP Industries, Inc.),* 117 B.R. 789, 802 (Bankr.S.D.N.Y.1990). Where there is a showing that the action sought to be enjoined would embarrass, burden, delay or otherwise impede the reorganization proceedings

or if the stay is necessary to preserve or protect the debtor's estate and reorganization prospects, the Bankruptcy Court may issue injunctive relief. *In re Chateaugay Corp., supra,* at 31, *citing In re Investors Funding Corp.,* 547 F.2d 13, 16-17 (2d Cir.1976)";

19. Here, it is submitted that a sufficiently serious question regarding the merits to make it a fair ground for litigation, with the balance of hardships tipping decidedly in its favor;

20. Moreover, as the monies from the future rentals of the Units owned by the Collective Unit Owners may well be an essential element of a future Plan of Reorganization, this Court should apply a limited exception to the irreparable harm requirement for issuance of a preliminary injunction in the bankruptcy context where the action to be enjoined is one that threatens the reorganization process or which would impair the court's jurisdiction with respect to a case before it;

21. Furthermore, continuation of the pending various Miami-Dade Circuit Court foreclosure actions will burden, delay or otherwise impede the reorganization proceedings and temporary injunctive relief is necessary to preserve or protect the debtor's estate and reorganization prospects, such that it is appropriate that this Court issue temporary injunctive relief;

WHEREFORE, the Collective Unit Owners pray this Honorable Court issue temporary injunctive relief in their favor and against the Schecher Entities with relation to the pending foreclosure cases or any yet to be pending against the Units owned by same in the Miami-Dade Circuit Court, and for whatever further relief is deemed just and proper as relating to said Miami-Dade Circuit foreclosure proceedings.

Respectfully submitted this 1st day of May, 2017.

                                         **Florida Litigation Group, P.A.**

                                         4839 Volunteer Road #514

                                         Davie, FL  33330

                                         Telephone: (954) 394-7461

                                         *Counsel for the Unit Owners*

                                         By: /s/  Inger Garcia, Esq.

                                         Inger Garcia, Esq.

                                         Florida Bar Number 0106917

                                         ServiceEmail: Attorney@IngerGarcia.com

                                         DAVID MARSHALL BROWN, P.A.

                                         *Co-Counsel for Unit Owners*

                                         413 S.W. 5th Street

                                         Fort Lauderdale, Florida  33315

                                         (954) 770-3729

                                         DavidBrownFLL@gmail.com

                                     By:  /s    David Marshall Brown

                                         David Marshall Brown, Esq.

                                         Florida Bar No. 0995649